ZOLA NEWBERN                                                    PLAINTIFF

v.

UNITED STATES OF AMERICA                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant, United States', Motion to Dismiss (DN 9).

Plaintiff, Zola Newbern, has filed a response (DN 10). Defendant has filed a reply (DN 13) and

Plaintiff has filed a surreply (DN 15). This matter is now ripe for adjudication. For the following

reasons, Defendant's motion is GRANTED.

## BACKGROUND

This case arises from a motor vehicle collision on September 22, 2008, in Paducah,

Kentucky. Plaintiff, Zola Newbern, was stopped in traffic on North 32nd Street when she was hit

by a vehicle operated by Bobby G. Pittman, a letter carrier for the United States Postal Service.

Pittman was acting within the course and scope of his employment with the Postal Service at the

time of the accident. Plaintiff alleges that she suffered damages as a result of the accident including

neck, back, and shoulder injuries.

On May 28, 2009, an administrative claim seeking $48,800.00 in damages was received by

the Postal Service from the law firm of Holloran White & Schwartz ("Holloran"). The Postal

Service received the Standard Form 95 claim form, along with a cover letter signed by Investigator

Glenn Dowdy of Holloran. The cover letter was on letterhead which stated the "reply to" address

as "1310 North Gum Springs, Paducah, Kentucky, 42001" ("Gum Springs address"). The claim

form also stated that Plaintiff's personal representative was "Holloran White & Schwartz, 1310

North Gum Springs, Paducah, KY, 42001."

On July 8, 2009, Rodger Lofton, counsel for Plaintiff in this action, wrote the Postal Service requesting a denial letter. This letter was on letterhead stating counsel's address as "928 Broadway, Post Office Box 1737, Paducah, Kentucky 42002-1737" ("Broadway address"). Lofton stated that he, "along with the firm of Holloran, White & Schwartz," represented Plaintiff. Dowdy was copied on the letter.

On July 16, 2009, via certified mail, the Postal Service sent a Notice of Denial. It was addressed to Holloran care of Attorney Rodger Lofton and was sent to the Gum Springs address. On July 22, 2009, Dowdy signed for the Notice.

Plaintiff filed this suit on January 26, 2010, pursuant to the Federal Tort Claims Act ("FCTA"). Defendant now moves the Court to dismiss Plaintiff's claim for lack of jurisdiction as the statute of limitations has run.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter

jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).[1]

## DISCUSSION

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980)(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Therefore, when no consent exists, a district court has no jurisdiction to hear a suit against the United States. *Mitchell*, 445 U.S. at 538.

Furthermore, any waiver of sovereign immunity must be strictly construed in favor of the United States. *Library of Congress v. Shaw* 478 U.S. 310, 318 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-686 (1983). The Supreme Court has long held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *Soriano v. United States*, 352 U.S. 270, 276 (1957).

A plaintiff may bring an action against the United States sounding in tort pursuant to the

---

[1] Plaintiff argues this motion is converted to a motion for summary judgment by Defendant's reliance on evidence outside the pleadings. However, when ruling on a Rule 12(b)(1) motion challenging jurisdiction, the Court may consider affidavits or other evidence submitted by the parties in support of their jurisdictional allegations. *Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328, 331 (6th Cir. 2008) (holding "it is well established that in considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court may look beyond the jurisdictional allegations in the complaint and consider whatever evidence is submitted." (citations omitted))

Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"). The FTCA waives the sovereign immunity of the United States, its agencies and/or officers acting within their official capacity for actions sounding in state tort law. *Premo v. U.S.*, 599 F.3d 540, 544 (6th Cir. 2010).

Two independent requirements which must be satisfied for a claim pursuant to the FTCA to have been timely filed. 28 U.S.C. § 2401(b). First, a plaintiff must present her administrative claim within two years from the date the claim accrues. 28 U.S.C.§ 2401(b); 39 C.F.R. § 912.3(a). It is undisputed Plaintiff successfully completed this initial step. Second, plaintiff's "[s]uit must be filed within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the Postal Service." 39 C.F.R. § 912.3(b); *see also* 28 U.S.C.§ 2401(b). Defendant argues Plaintiff filed her suit ten days after the six month limitations period had past.

The Notice of Denial was mailed by the Postal Service to Holloran White & Schwartz, care of attorney Rodger Lofton at 1310 North Gum Springs, Paducah, KY, 42001, on July 16, 2009. Dowdy signed for the Notice on July 22, 2009. The six-month limitations period begins to run from the date of the mailing, July 16, 2009, making the deadline to file suit January 16, 2010. 28 U.S.C. § 2401(b); 39 C.F.R. § 912.3(b). Plaintiff filed this suit on January 26, 2010, ten days after the limitations period had run.

Plaintiff argues that the Notice of Denial was sent to the wrong address. Plaintiff asserts that the Notice of Denial was not sent to the Broadway address of Lofton, the address found on the letterhead of the letter requesting the Notice of Denial, but was instead sent to the Gum Springs address of Holloran. Plaintiff asserts that because the letter was sent to the wrong address and Lofton did not have notice of the denial letter the filing of this suit is timely. Plaintiff has cited no authority for her position.

The record reflects that Plaintiff was represented by both Lofton and the firm of Holloran. The Standard Form 95 claim form, as well as the cover letter, stated that Holloran was representing Plaintiff. Lofton stated in his July 8, 2009 letter that he, "along with the firm of Holloran, White & Schwartz," represented Plaintiff. There is evidence that it is the Postal Service's standard procedure to issue a denial letter to the address on the claim form unless a change of address is specifically requested. (Demko Declaration ¶ 13.) Here, the letter sent by Lofton did not direct the Notice of Denial be sent to his Broadway address, nor was there an indication of a "reply to" address or an intent to change the address stated on the claim form.

The record further reflects that both Lofton and Holloran were aware each was representing Plaintiff. As already stated, Lofton acknowledged that he was representing Plaintiff "along with the firm of Holloran, White & Schwartz." Lofton also indicated in this letter that he had seen some of the correspondence between Holloran and the Postal Service, e.g., the June 12, 2009 offer of settlement. The Notice of Denial signed for by Dowdy at Holloran was addressed "C/O Attorney Rodger W Lofton" and began "Dear Attorney Lofton."

Although Holloran and Lofton were aware of their dual representation of Plaintiff, it appears it was not communicated to Lofton when the Notice of Denial was received at Holloran. The failure of Plaintiff's counsel to communicate regarding the receipt of the Notice of Denial is not an exception to the statute of limitations. Sovereign immunity must be strictly construed in favor of the United States and Plaintiff failed to file her suit within the limitations period set forth in the FTCA. The Court finds Plaintiff's suit is barred by the FTCA, and consequently the Court lacks jurisdiction to hear it. *See, e.g., Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002) (holding that the requirements of 28 U.S.C. § 2401(b) are jurisdictional).

**CONCLUSION**

For the foregoing reasons, Defendant's motion is GRANTED. Plaintiff's claim is dismissed with prejudice for want of jurisdiction. An appropriate judgment shall issue.